## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JERMAINE FRANKLIN JR.

           Case No:

   Plaintiff,         Hon:

v.

SALITA PROMOTIONS CORP.,
A New York corporation,

   Defendants.

RICE LAW PLLC
PAMELA L. CAMPEBLL
23285 GRATOT #830
EASTPOINTE, MI 48021 •  (855) PAMLAW2

---

### <u>VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT</u>

 Plaintiff, Jermaine Franklin Jr  ("Franklin") files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq*. by his attorneys  against Defendant Salita Promotions Corp., a New York Corporation ("Salita"),  and states as follows for his claims in this civil action.

## <u>INTRODUCTION</u>

1.  The sport of boxing has progressively changed for the better by enacting laws with the goal of "protecting the rights and welfare of professional boxers...by preventing certain exploitive, oppressive, and unethical business practices...and [by] enhanc[ing] the overall integrity in the industry"[1]

---

[1] The Muhammed Ali Act: https://www.govtrack.us/congress/bills/106/hr1832/text Last visited March 14, 2023

2.   Despite laws prohibiting certain unethical business practices in the boxing industry, when it comes to contracts, questionable legal maneuvers remain prevalent using the popular excuse: "that's how the boxing industry is" as if boxing is its own separate legal society.

3.   This dispute arises from an actual controversy related to an August 6,  2021 Exclusive Promotional Agreement ( "2021 PA") between Professional Boxer Jermaine Franklin  Jr. ("Franklin") and boxing Promoter Salita Promotions Corp. ("Salita").

4. Pertinent to this action, the 2021 PA between Franklin and Salita is silent on a material term, namely: what percentage  Salita is entitled to when it is not acting as a promoter, co-promoter or involved in a purse bid, but its only duty is to give Franklin permission to engage in a boxing match pursuant to the exclusivity and assignment clauses.

5.   This material contractual omission in the 2021 PA agreement has allowed Salita to take whatever amount it desires, repeatedly amend the 2021 PA, while ignoring any negotiations proffered by Franklin's team including his legal advisor.

6.  For the last two (2) professional boxing contests, Salita has given Franklin two choices: (1) agree to the percentage and terms it demands or (2) don't fight.

7.  Franklin needs this Court's intervention, or he will continue to be subjected to this "take it or leave it" boxing industry tactic or risk the unreasonable withholding of lucrative, career changing boxing opportunities.

RICE LAW PLLC
PAMELA L. CAMPEBLL
23205 GRATIOT #303
EASTPOINTE, MI 48021 • (855) PAMLAW2

2

## THE PARTIES

8.   Plaintiff Jermaine Franklin Jr.  incorporates by reference and re-asserts here each and every allegation contained in the above paragraphs.

9.   Jermaine Franklin Jr. is a professional boxer who is a  resident of Saginaw Michigan.

10.  Defendant, Salita Promotions Corp. is a New York corporation with its principal place of business in Brooklyn New York, and with offices located at 3512 Quentin Road, Brooklyn, New York 11234.

11.     Pursuant  to  the  2021  PA  at  issue,  Paragraph  XX.  FORUM SELECTION/GOVERNING LAW:  "Fighter irrevocably submits ...to the jurisdiction of the United States District Court for the Eastern District of Michigan." (**EXHIBIT 1- ¶XX)**

## JURISDICTION AND VENUE

12.  Plaintiff Jermaine Franklin Jr.  incorporates by reference and re-asserts here each and every allegation contained in the above paragraphs.

13.  This is an action for declaratory judgment arising under 28 U.S.C. §§ 2201, *et seq.* which  provides  in  pertinent  part  "[i]n  a  case  of  actual  controversy  within  its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

14.  Jurisdiction is proper in this Court pursuant to 18 U.S.C §1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

RICE LAW PLLC
PAMELA L. CAMPBELL
23205 GRATIOT #303
EASTPOINTE, MI 48021 • (855) PAMLAW2

15. Venue is proper in this Court pursuant to Paragraph XX(a) of the 2021 PA which provides that any action arising out of or relating to the Agreement shall be brought in the United States District Court for The Eastern District of Michigan. (**EXHIBIT 1- ¶XX**)

## FACTUAL ALLEGATIONS

16. Plaintiff Jermaine Franklin Jr. incorporates by reference and re-asserts here each and every allegation contained in the above paragraphs.

17. Franklin is a professional heavy weight boxer that hails from Saginaw Michigan. He is currently on the fast track to becoming a heavy weight champion striving to bring the belt back to the United States of America.

18. Franklin's current boxing record is 21-1 with 14 Knock Outs and is ranked number six (6) in the U.S.A.

19. Franklin began boxing at the age of 13 with the primary goal of staying out of trouble while developing focus and discipline.

20. By the age of 17, Franklin fell in love with the sport and like many young aspiring boxers out of Michigan's inner cities dreamed that his unwavering dedication and passion for boxing would turn into a lucrative career.

21. As reflected in Franklin's impressive boxing record, he has worked hard and is rapidly becoming a top contender in the boxing industry overcoming hard blows in the boxing ring while simultaneously enduring even harder blows on the business side of the boxing industry.

22.  Franklin,  started his professional career in 2014 after winning the U.S. National Golden Glove Amateur Championship.

23.  By 2018 Franklin's boxing record was an impressive 17-0; however,  after being trapped in a draconian boxing manager contract, he became stagnant in his career and struggling financially.

24.  Franklin caught the interest of Salita who expressed its desire in becoming Franklin's Exclusive Boxing Promoter promising better opponents, bigger stages, and lucrative purses.

25. In late 2018, Franklin signed his first Promotional Agreement ("2018 PA") with Salita who immediately  arranged, paid, and promoted  three (3) boxing matches that were televised.

26. A few years later,  Salita presented Franklin with an opportunity to engage in a professional boxing contest with Stephen Shaw ("Shaw")  which would be  promoted by Bash Boxing Inc. ("Bash") and  scheduled to be held on or about April 8, 2021.

27.  The Shaw fight would be Franklin's first fight under Salita that was promoted by an outside promotion company,  however, Franklin was not privy to the Bash Provision of Service Agreement ("Bash POS") so remained in the dark on any terms agreed upon including the total amount paid to Salita for delivering him for the fight.

RICE LAW PLLC
PAMELA L. CAMPEBLL
23205 GRATIOT #303
EASTPOINTE, MI 48021 • (855) PAMLAW2

28. Salita represented that pursuant to the 2018 PA, it was not obligated to pay the boxing training costs because he was not the promoter for the Shaw fight but agreed to "loan" Franklin the monies for boxing training.[2]

29. Nevertheless, Franklin contracted COVID, and the Shaw fight was cancelled, leaving Franklin in more debt.

30. In an attempt to contain his mounting financial issues, including loans, disputes with his former boxing manager, federal and state tax debts, legal fees, Franklin, who struggled to support his children and ailing grandmother filed bankruptcy.

31. Salita's 2018 PA agreement along with the Shaw advance was placed in bankruptcy. After the bankruptcy, the relationship between Salita and Franklin was visibly fractured.

**Franklin Re-signs with Salita**

32. To entice Franklin to re-sign with Salita post-bankruptcy, Salita represented that it procured and arranged a fight with one of the notable heavy weight boxers, Dillian Whyte ("Whyte") which would pay a nice size purse for his participation.

33. The prospects of the Whyte fight, coupled with Salita's promise that Franklin would have the opportunity to co-promote fights with Salita in the future reignited Franklin's

RICE LAW PLLC
PAMELA L. CAMPEBLL
23205 GRATIOT #303
EASTPOINTE, MI 48021 • (855) PAMLAW2

---

[2] Pursuant to the 2018 PA agreement and the 2021 PA agreement, if Salita is the Promoter he is required, pursuant to contract to pay for training costs.

passion to box professionally and to resume his journey with Salita as his exclusive promoter.

34.    On August 6, 2021, ("2021 PA") Franklin signed the current Promotional Agreement. **(Exhibit 1)**

**Alleged September 18, 2021 Fight against Dillian Whyte**

35.    Naturally,  based on a concrete date set forth in the newly signed 2021 PA agreement,  Franklin  believed that Salita honestly procured and confirmed a fight with Whyte. **(Exhibit 1)**

36.    Salita sent Franklin a bout agreement  that it drafted claiming that all it needed was Franklin's signature to make the fight happen.

37.    Believing his signature on the bout agreement confirmed the Whyte fight and at the prompting of Salita,  Franklin began calling Whyte out on social media urging him to sign his bout agreement.   One of Franklin's Instagram posts are below.[3]

RICE LAW PLLC
PAMELA L. CAMPEBLL
23205 GRATIOT #303
EASTPOINTE, MI 48021 •   (855) PAMLAW2

---

[3] Instagram @Jfranklinboxing

RICE LAW PLLC
PAMELA L. CAMPBELL
23265 GRATIOT #303
EASTPOINTE, MI 48021 • (855) PAMLAW2



38.  Franklin later learned  from social media and other media outlets that Salita  never confirmed the Whyte fight for Franklin but was in negotiations and procured a Whyte bout with Otto Wallin, ("Otto")  another boxer Salita promotes.[4]



---

[4] Instagram @ottowallin

8

39.  To add insult to injury, Franklin was asked by Otto's manager to spar with Otto to help prepare Otto for his Whyte fight. Franklin, who was penniless agreed to help Otto train for the fight he thought was his.

40.  Franklin later confirmed that there was never a fight scheduled between him and Whyte.

41.  The fight between Otto and Whyte never materialized as Whyte encountered a shoulder injury.[5]

42.  Franklin was understandably angry,  distraught and disappointed over what Franklin deemed Salita's misrepresentations regarding the Whyte fight which prompted his signature of the 2021 PA.

43.  Salita agreed to re-negotiate the 2021 PA and negotiate a co-promotional deal with Franklin.

44. Franklin hired an attorney to renegotiate the 2021 PA agreement however, Salita, failed and/or refused to consider any revisions proposed by Franklin's attorney.  All negotiations have ceased.

---

[5]https://www.dazn.com/en-US/news/amp/boxing/otto-wallins-manager-dmitry-salita-calls-for-wbc-to-ensure-wallin-gets-winner-of-tyson-fury-vs-dillian-whyte-title-fight/kelpj92ddzns18zl4jan7rn8d   Last Visit March 14, 2023

RICE LAW PLLC
PAMELA L. CAMPEBLL
23265 GRATIOT #303
EASTPONTE, MI 48021 •   (855) PAMLAW2

45.  On or about May 7, 2022, Salita arranged, promoted and paid for the purse of a "Tune-up" fight in a hall in Indiana to get Franklin, who by this time hadn't fought in approximately two years and seven months (2.7)  under Salita, back in the ring.

46.  In June 2022,  in  order to care for his  grandmother and provide for his family, Franklin took a factory job in his hometown while training inner city kids in the gym.

### Dillian Whyte Fight Secured

47.  After months of searching for a co-manager, on May 21, 2022, Franklin signed a co-manager agreement with Next Level Collective ("Co-Manager").

48.  Salita represented to Franklin that it presented an offer to promoter, Matchroom Boxing Limited ("Matchroom") for Franklin to   fight  Whyte,  but later Salita advised that it wasn't getting a response, therefore, the Whyte fight,  appeared off the table.

49.  Franklin's Co-Manager volunteered  to utilize its contacts and was able to negotiate and confirm a professional boxing contest with Whyte with a greater amount than originally proposed by Salita, and including a sizeable training camp advance.

50. Matchroom's attorney circulated the Provision of Service Agreement  ("Whyte POS") via email to Franklin's Co-Manager, Spokesperson and Corporate Chief Communication Officer, Aaron Alfaro ("Spokesperson")  and Salita allowing Franklin to see the total amount of Franklin's purse, and what percentage Salita was demanding  for delivering Franklin.

51.  Franklin's  Spokesperson along with his co-manager  attempted to negotiate Salita's percentage of the Whyte POS agreement. **(Exhibit- 2)**

RICE LAW PLLC
PAMELA L. CAMPEBLL
23205 GRATIOT #303
EASTPOINTE, MI 48021 •   (855) PAMLAW2

52.    Salita would not budge on the negotiations and refused to sign the Whyte POS with Matchroom unless and until Franklin agreed to sign a separate bout agreement where Franklin must agree to accept between 62%-65%  of the total amount provided in the Whyte POS[6] claiming that this high demand for 35%-38% was necessary to pay it back for the $10,000.00 training loan from the cancelled Shaw fight, although this debt was already placed in bankruptcy, the monies Salita allegedly spent on the one (1) "tune up" fight it promoted, a $10,000 advance for the  May 2022 tune-up fight, and other costs and expenses Salita said it had incurred.

53.   Notably, the 2021 PA Agreement is **silent** on the amount or percentage Salita is entitled to receive when Salita does not take on the duties contemplated in the agreement but merely delivers or gives permission for Franklin to fight.[7]

54.    Franklin could either sign the Salita bout agreement "as is" or risk forfeiting a boxing match that could change the trajectory of his career.   Franklin, feeling no alternative, signed the bout agreement.    The fight against Whyte was held on November 26, 2022, at the Ova Arena Wembley in London.

---

[6] The Provision of Service ("POS") agreement required the signature of Salita and Matchroom, who was promoting the fight.

[7] Similar to the 2018 PA, Salita, under the 2021 PA would have been required to pay for training costs, however, did not pay for these costs because he was not the promoter, Matchroom advanced those training costs.

RICE LAW PLLC
PAMELA L. CAMPBELL
23265 GRATIOT #303
EASTPOINTE, MI 48021 •  (855) PAMLAW2

55.  After a grueling boxing contest, Franklin suffered defeat in the ring according to the judges but in the court of the public opinion outperformed Whyte and proved to be a force to be reckoned with.

### Anthony Joshua Fight

56.  After Franklin's loss to Whyte,   Salita began lobbying once again to secure a boxing match between his fighter Otto and heavy weight boxer Anthony Joshua ("AJ"). One of the quotes from Salita that is referenced in several boxing related articles provided:

> *"Eddie Hearn and I have discussed Otto and Joshua potentially taking place and I'm waiting to see if an offer will materialize," Salita said via **Ice36**.[8]*



**Dmitry Salita: "Otto Wallin fits Eddie Hearn's plans perfectly, a fight with Anthony Joshua is a big possibility"**

Published On Thursday, January 5, 2023  By Tim Rickson [9]

---
[8] https://www.independent.co.uk/sport/boxing/anthony-joshua-otto-wallin-fight-b2256513.html   Last Visited March 15, 2023
[9] https://britishboxingnews.co.uk/blogs/dmitry-salita-otto-wallin-fits-eddie-hearn-s-plans-perfectly-a-fight-with-anthony-joshua-is-a-big-possibility    Last Visited March 15, 2023

RICE LAW PLLC
PAMELA L. CAMPEBLL
23285 GRATIOT #303
EASTPOINTE, MI 48021 • (855) PAMLAW2

57. Some headlines deemed Franklin's defeat as a "robbery"[10] so despite the Whyte loss, and Salita's public push for Otto, Franklin suddenly became one of the top boxing contenders in the U.S. for the AJ fight.



58. As Salita focused on Otto, Franklin's Co-Manager and  Eddie Hearns of Matchroom considered Franklin as a legitimate heavyweight contender for the AJ fight.  Matchroom offered Franklin the AJ fight.

RICE LAW PLLC
PAMELA L. CAMPEBLL
23205 GRATIOT #303
EASTPOINTE, MI 48021 • (855) PAMLAW2

---

[10] https://www.worldboxingnews.net/2022/11/26/jermaine-franklin-robbed-dillian-whyte-hometown/  Last Visited March 15, 2023



RICE LAW PLLC
PAMELA L. CAMPBELL
23205 GRATIOT #303
EASTPOINTE, MI 48021 • (855) PAMLAW2

59.  Franklin's Co-Manager and Spokesperson requested and received a copy of the

Anthony Joshua Provision of Service Agreement ("AJ POS").

60.  The AJ POS again revealed that Matchroom was solely promoting the fight bearing

all the costs including the amount of Franklin's purse and Salita's only duty was to give

permission for Franklin to fight. Again, this scenario was never negotiated in the 2021

PA.

61.  Franklin, who by this time was given twenty 20 minutes to make a decision or risk

Matchroom finding another fighter,  agreed to all of Salita's terms, signed the bout

agreement presented by Salita and the fight is currently scheduled for April 1, 2023.



RICE LAW PLLC
PAMELA L. CAMPEBLL
23205 GRATIOT #303
EASTPOINTE, MI 48021 • (855) PAMLAW2

62. To avoid  court intervention, Franklin, before signing the AJ bout agreement with Salita and filing the herein Request for Declaratory Relief proposed the following solutions to Salita: (1) hire an outside mediator to settle all contractual dispute; (2) file a joint request for a declaratory judgment;  and/or (3) sign a Stipulated agreement placing 30% of the  AJ POS amount in escrow until a good faith negotiation can take place but allowing Franklin to fight.  Salita has declined these suggestions.

## COUNT 1-DECLARATORY RELIEF

63.  Plaintiff Jermaine Franklin Jr.  incorporates by reference and re-asserts here each and every allegation contained in the above paragraphs.

64.  The purpose of a declaratory judgment is to enable the parties to obtain adjudication of rights before an actual injury occurs, to settle a matter before it ripens into a violation of the law or a breach of contract, or to avoid multiplicity of actions by affording a remedy for declaring in expedient action the rights and obligations of all litigants *Skiera* v *Nat'l Indemnity Co*, 165 Mich App 184, 189; 418 NW2d 424 (1987).

65. The August 6, 2021 PA agreement only references payment scenarios in which Salita is the Promoter, co-promoter or there is a purse bid.

66.  Paragraph  **I** references the purse amounts Salita would  pay Franklin for engaging in the Whyte fight that was unbeknownst to Franklin never confirmed.  **(Exhibit 1- ¶ 1 (a)(i))**

67.    The PA agreement also provided in pertinent part that if Franklin won the Whyte fight and other subsequent fights: "each Bout shall be negotiated and mutually agreed upon between the parties" but Franklin was entitled to  a minimum purse. **(Exhibit 1- ¶ 1(a)(ii))**

68.    The PA agreement further provides that: "in the event that Fighter does not win the first Bout or any subsequent Bout or ceases for any reason to be a World Title champion, or in the event that Fighter's Bout is not otherwise covered by Subparagraphs l(a)i. through vii. above for any reason whatsoever, Fighter's purse for his subsequent Bouts shall be negotiated and mutually agreed upon between the parties..."  There is also an extremely low minimum purse.  **(Exhibit 1)**

69.    Franklin and Salita agreed to the 2018 PA purse terms and to allow Salita to promote Franklin's fights exclusively based on the following consideration:  ¶XII:

RICE LAW PLLC
PAMELA L. CAMPEBLL
23205 GRATIOT #303
EASTPOINTE, MI 48021 •  (855) PAMLAW2

RICE LAW PLLC
PAMELA L. CAMPEBLL
23205 GRATIOT #303
EASTPOINTE, MI 48021 • (855) PAMLAW2

**XII EXCLUSIVITY:** In consideration of the obligations of Promoter to **secure, arrange for, and promote Bouts requiring Fighter's services, and to pay Fighter's purses, as provided herein**, Fighter agrees that during the term hereof, **Fighter shall not participate in any bouts other than Bouts promoted or co-promoted by Promoter or for which Promoter has granted Fighter prior written permission** and Fighter shall not render his services as a combative sports participant to any person, firm or entity other than Promoter, except with Promoter's prior written permission. Fighter recognizes and agrees that this restriction is necessary to protect Promoter's legitimate business interests, including Promoter's ability to promote first class combative sports events for Fighter and other fighters whom Promoter promotes, against world class opponents, at top venues, broadcast by top American and foreign broadcasters. Fighter acknowledges that Promoter has substantial relationships with a number of venues, broadcasters, and other world class boxers, and that these relationships are protected by the Promoter's ability to guarantee the availability of Fighter through this Agreement. [Emphasis added]

70.  As provided in the Exclusivity clause,  these subsequent purse amounts pertain solely to bouts where Salita "secure[s], arrange[s] for,  promote[s]" and "pays [Franklin's] purse."

**(Exhibit 1  ¶ XII)**

71.  Aside from the duties in **¶ XII** There is also a provision covering the percentage Salita is entitled to when there is a "purse bid."[11]

---

[11] Professional boxing has four major sanctioning organizations, the WBO, WBC, IBF and WBA, which are regulated by the Ali Act. 15 U.S. § 6307c. These bodies sanction bouts, rate professional boxers, and crown the champion. In order to ensure that the best boxers compete against each other, any sanctioning body can order champions and other highly ranked boxers to participate in bouts against "mandatory opponents" in order to maintain their titles or advance in the rankings. If the promoter of a highly ranked fighter cannot reach a financial agreement with his boxer's "mandatory," the organization can order a purse bid, which is an auction for the right to promote the bout.  ". . .[A]ny promoter registered with [the organization] and in good standing can bid for the right to promote a title fight. The amount of a purse bid determines the amounts the two fighters will receive

**XXI. PURSE BIDS**. Notwithstanding the provisions of Paragraph XII of this Agreement, the parties recognize that, during the term of this Agreement, Fighter may be eligible to participate in a bout (a "Purse Bid Bout") that will be the subject of a purse bid or purse offer conducted by a sanctioning organization and acknowledge that such bouts are generally reserved for championship or elimination bouts. Fighter acknowledges that Promoter's promotional efforts on Fighter's behalf are a significant contributing factor in Fighter becoming eligible to participate in such a Purse Bid Bout. In the event that Fighter is designated as a participant in a Purse Bid Bout and Promoter does not win the rights to promote such Purse Bid Bout, then, in consideration of Promoter's overall promotional obligations hereunder and with the understanding that Promoter will lose the opportunity to profit from said bout notwithstanding those efforts, Fighter shall pay to Promoter a fee in recognition of Promoter's overall promotional services and the benefits realized by Fighter thereby. The fee to be paid by Fighter to Promoter in such case shall bear a relationship to the benefits realized by Fighter and shall, accordingly, be an amount equal to **Twenty-Five Percent (25%)** of any amount paid to Fighter in respect of such Purse Bid Bout, unless otherwise agreed upon by the parties herein. [Emphasis Added]

72. There is also an Assignment clause in ¶ XI which provides:

Promoter shall have the absolute right to assign, license, or transfer any or all of the rights granted to it hereunder, including, without limitation, the right to co-promote the Bouts in association with or to deliver the services of fighter to any one or more persons or entities of Promoter's choosing Neither Fighter nor Promoter may assign any of his or its respective obligation hereunder without the other's consent.

73. Pertinent to the instant case, the 2021 PA is completely silent on the percentage  Salita

is entitled to, if any, when his involvement is not as a promoter,  co-promoter , or a

participant in a purse bid  as contemplated in the 2021 PA, but **<u>solely</u>** as giving Franklin

---

as 'purses,' and the highest bid wins." *Ruiz* v. *Sauerland Event* GMBH, 09 Civ. 3598 (RwS), at *4 (S.D.N.Y. Aug. 17, 2010)

RICE LAW PLLC
PAMELA L. CAMPBELL
23205 GRATIOT #303
EASTPOINTE, MI 48021 • (855) PAMLAW2

permission to fight or deliver Franklin's services as provided in ¶ XI with no financial obligations.

74.    This material contractual omission has caused great contention between Franklin and Salita in the recent months and presumably in the future requiring the Court's intervention.

75.    Upon information and belief, Salita believes that Franklin is only entitled to the same purse amounts referenced in the 2021 PA that clearly pertain to Salita promoting a boxing contest. This interpretation has permitted Salita to choose  any unnegotiated percentage although his only duty was to deliver Franklin for the fight pursuant to the assignment clause.

76. Franklin requests a Declaration that the September 2021 Promotional Agreement between Salita and Franklin omits material terms namely: what percentage or amount of money, if any, Salita is entitled to when its only duty is to deliver Franklin and not act as a promoter or co-promoter.

77. Franklin requests a Declaration that Salita is not entitled to unilaterally without engaging in good faith negotiations as implied in every contract determine the percentage or payment amount it is entitled to where that percentage is not contemplated in the 2021 agreement,  he is not the promoter, co-promoter or involved in a purse bid and his only duty is to deliver Franklin to fight.

78.  Franklin requests a Declaration that the purse amounts in ¶ I and its subparts of the 2021 PA only pertain to those bouts promoted or co-promoted but does not include when Salita's only duty is to deliver Franklin.

79.  Declare that the 2021 PA  only considers the bouts  promoted, co-promoted or a purse bid as "bouts"  for purposes of calculating the number of bouts Salita is required to offer Franklin under each year of the term pursuant to the 2021 PA.

80.  Declare that Salita cannot unreasonably withhold permission for Franklin to engage in professional boxing competitions in the future without a good faith negotiation.

81.  There exists a bona fide dispute between the parties as to Salita's self-proclaimed right to arbitrarily and unilaterally take any amount from the POS agreement related to the AJ fight and future similarly procured bouts without a good faith negotiation.

82.  As evidenced by the limited amount of time Franklin had to accept the most recent boxing contest and as constantly reiterated by Salita, the boxing industry moves fast so without the Court's immediate assistance Franklin will be subjected to the same one-sided negotiation as the last two contracts.

83. Fed. R. Civ. P. 57  provides in pertinent part that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate" and that "[t]he court may order a speedy hearing of a declaratory-judgment action."

84. Because the boxing industry is fast moving, and to avoid a cloud being placed over future boxing matches, a speedy hearing on this matter is necessary.

RICE LAW PLLC
PAMELA L. CAMPEBLL
23265 GRATIOT #303
EASTPOINTE, MI 48021 • (855) PAMLAW2

20

85. The 2021 Promotional Agreement raises specific questions as to the rights, responsibilities, and privileges of the parties resulting from the lack of a material term in the 2021 Promotional Agreement in the event Salita's only responsibility as the Exclusive Promoter is to deliver Franklin for the fight.

86. Franklin is not seeking the advice of the Court from sheer curiosity, but legitimately as a last-ditch effort seeks the Court's declaration as to both parties' rights and obligations currently and in the future.

**WHEREFORE** Franklin respectfully requests this Honorable Court provide a declaratory judgment with the following judicial determinations:

A. The August 2021 Promotional Agreement between Salita and Franklin omits material terms, namely: what percentage or amount of money, if any, Salita is entitled to when its only duty is to deliver Franklin.

B. Salita is not entitled to unilaterally without engaging in good faith negotiations determine the percentage or payment amount it is entitled to where it is not contemplated in the 2021 PA, when it is not the promoter, co-promoter or involved in a purse bid and his only duty is to deliver Franklin.

C. The purse amounts in ¶ I and its subparts of the 2021 PA only pertain to those bouts promoted or co-promoted by Salita but does not include when Salita's only duty is to deliver Franklin.

RICE LAW PLLC
PAMELA L. CAMPBELL
23205 GRATIOT #303
EASTPOINTE, MI 48021 • (855) PAMLAW2

D.  The 2021 PA only considers the bouts promoted, co-promoted or where there is a purse bid as "bouts" for purposes of calculating the number of bouts promoter is required to offer fighter under each year of the term pursuant to the 2021 PA.

E.  Declare that Salita cannot unreasonably withhold permission for Franklin to engage in professional boxing competitions.

F. Declare that Franklin has the right to view all future Provision of Service Agreements where Salita is not the promoter or co-promoter.

G. Any and all relief this Court deems equitable and just.

Respectfully Submitted:

/s/*Pamela L. Campbell*
PAMELA L. CAMPBELL (P75243)
RICE LAW PLLC
23205 Gratiot #303
Eastpointe, MI 48021
P: (855)726-5292 | F: (586) 461-2366
Pam.rice.law@gmail.com
pam@lawintellects.com

/s/*Paul S. Haberman*
Paul S. Haberman
LAW OFFICES OF PAUL S. HABERMAN
(*Pro Hac Vice forthcoming*)
9 Engle Street
Tenafly, New Jersey 07670 (All Mail)
88 Pine Street, 22nd Floor,
New York, New York 10005
P: (201) 564-0590 | F: (201) 767-2087
psh@paulhabermanlaw.com

*Attorneys for Plaintiff*

22

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE FRANKLIN JR.

                                 Case No:

       Plaintiff,            Hon:

v.

SALITA PROMOTIONS CORP.,
A New York corporation,

       Defendants.

_____

**VERIFICATION**

I, JERMAINE FRANKLIN JR. declare as follows:

1. I am the Plaintiff in this case.

2. I have personal knowledge of myself, and the facts as set out in the foregoing Complaint for Declaratory Relief, and if called on to testify I would competently testify to the matters herein.

3. I verify that the factual statements in this Complaint for Declaratory Relief concerning myself, and the facts in this complaint are true to the best of my knowledge.

Jermaine Franklin Jr.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2023, I electronically filed the foregoing paper with the Clerk of the Court using ECF Serve system which will send notification of such filing to all counsel of record. This document will also be served on the Defendant as soon as practicable.

<u>   /s/ *Rhonda L Jacob-Sturges*</u>
Rhonda L. Jacobs-Sturges